UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jose Abel Perez,<br><br>　　　　　Plaintiff(s),<br><br>vs.<br><br>North Las Vegas,<br><br>　　　　　Defendant(s). | 2:24-cv-00918-GMN-MDC<br><br>Order |

Plaintiff is an inmate in the custody of Nevada Southern Detention Center. On May 10, 2024, plaintiff applied to proceed IFP. ECF No. 1. Plaintiff's IFP application is incomplete because plaintiff did not include a completed financial certificate and an inmate trust fund account statement for the previous six-month period with the application. The Court denies the IFP application (ECF No. 1) without prejudice and order gives plaintiff to either file a complete IFP application or pay the full filing fee by **Wednesday July 3, 2024.** The Court also notes that plaintiff failed to file a Complaint with his IFP application and orders plaintiff to file his Complaint by **Wednesday July 3, 2024.**

## DISCUSSION

### I.　　IFP Application

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." If the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), as amended by the Prison Litigation Reform Act ("PLRA"), he must pay the entire fee in installments, regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under the PLRA, a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d

1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2). Even if this action is dismissed, the prisoner must still pay the full filing fee pursuant to § 1915(b) and the monthly payments from his inmate account will continue until the balance is paid.

For an inmate to apply for in forma pauperis status, the inmate must submit all three of the following documents to the Court: (1) a completed Application to Proceed in Forma Pauperis for Inmate, which is pages 1–3 of the Court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed Financial Certificate, which is page 4 of the Court's approved form, that is properly signed by both the inmate and a prison or jail official; and (3) a copy of the inmate's prison or jail trust fund account statement for the previous six-month period. See 28 U.S.C. § 1915(a)(1)–(2); Nev. Loc. R. Prac. LSR 1-2.

As explained above, plaintiff's IFP application is incomplete. Plaintiff has not submitted a financial certificate that has been signed by both him **and** a prison or jail official. Plaintiff has also not provided an inmate trust fund account statement for the previous six-month period. Therefore, the Court denies plaintiff's IFP application and orders him to either pay the filing fee or file a new, complete, IFP application with the requirement documents.

**II.     Complaint**

The Court also notes that plaintiff has no Complaint on file. The Court will give plaintiff until **Wednesday July 3, 2024,** to file his Complaint. Plaintiff's Complaint must be in the form provided by the Court that complies with LSR 2-1, which requires that "[a] civil-rights complaint filed by a person

who is not represented by an attorney must be submitted on the form provided by this court or must be legible and contain substantially all the information called for by the court's form." The Federal Rules of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirement, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). The Complaint must also comply with the notice requirement of Rule 8 of the Federal Rules of Civil Procedure. *See Erickson v. Pardus*, 551 U.S. 89, 93 ("Specific facts are not necessary, the statement need only 'give the defendant fair notice of what the…claim is and the grounds upon which it rests.'") (internal citations omitted).

ACCORDINGLY,

**IT IS ORDERED that:**

1. The IFP application (ECF No. 1) is DENIED WITHOUT PREJUDICE.

2. Plaintiff must either pay the full filing fee OR file a fully complete IFP application by **Wednesday July 3, 2024.** The IFP application must include:

    a. A completed application with the inmate's two signatures on page 3;

    b. A completed financial certificate that is signed by both the inmate **and** a prison or jail official; and

    c. A copy of the inmate's trust fund account statement for the previous six-month period.

3. Plaintiff must file a Complaint that complies with the above instructions by **Wednesday July 3, 2024.**

4. Failure to timely comply with this Order may result in a recommendation that the case be dismissed.

5. The Clerk of Court is directed to send to plaintiff the approved form application to proceed IFP for an inmate and instructions for the same.

6. The Clerk of the Court will send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of this Order.

7. The Clerk of the Court is directed NOT to issue summons. The Court will issue a screening order on the complaint after plaintiff either files a new IFP or pays the filing fee. See 28 U.S.C. § 1915(e)(2).

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

DATED this 3rd day of June 2024.

IT IS SO ORDERED.

                                                                                                       _____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge