UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jose Abel Perez,<br><br>　　　　　　Plaintiff(s),<br><br>vs.<br><br>North Las Vegas,<br><br>　　　　　　Defendant(s). | 2:24-cv-00918-GMN-MDC<br><br>**ORDER TO SHOW CAUSE AND DENYING EX PARTE MOTION FOR APPOINTMENT OF COUNSEL** |

  On May 10, 2024, plaintiff filed a *Motion/Application to Proceed In Forma Pauperis* ("IFP") (ECF No. 1), but did not file a Complaint. On June 6, 2024, the Court denied his IFP application because (1) plaintiff failed to provide a financial certificate signed by both him *and* a prison or jail official; and (2) plaintiff failed to provide an inmate trust fund account statement for the previous six-month period. ECF No. 3 at 2. The Court ordered plaintiff to file a new IFP application by July 3, 2024. *Id.* at 3. The Court also ordered plaintiff to file his complaint by the same date. *Id.* Plaintiff partially complied with the Court's Order and filed a new IFP application on June 24, 2024. *See* ECF No. 4. However, plaintiff failed to submit a Complaint. Instead, plaintiff filed a *Notice of Filing Error*, stating that he had filed a Complaint which was issued a case number of "2:24-ms-00001." *See* ECF No. 6. The Court notified plaintiff that the "filing error" was because he did not include the case number when he initially filed the complaint. ECF No. 7 at 1. The document was marked with "2:24-ms-00001" which is given to correspondence returns. *Id.* Therefore, a complaint was never filed on the docket in plaintiff's assigned case number "2:24-cv-00918-GMN-MDC." *Id.*

  The Court gave plaintiff another chance to file his Complaint and sent him a copy of the Order (ECF No. 7) and instructions and forms for filing a § 1983 complaint. The Court also a copy of a complaint which matched plaintiff's description in his Notice. *See* ECF Nos. 6 and 7. Plaintiff was ordered to submit his Complaint, with the correct case number, by July 26, 2024. ECF No. 7 at 1. Plaintiff was warned that failing to timely comply with the Court's Order may result in a

recommendation that the case be dismissed. *Id.* Plaintiff filed an *Ex Parte* Motion for Appointment of Counsel (ECF No. 5). Plaintiff, however, failed to comply with the Court's Order and has not filed a complaint. There is no indication that plaintiff did not receive the Order (i.e., mail returned as undeliverable or otherwise).

ACCORDINGLY,

**IT IS ORDERED that:**

1. Plaintiff show cause by **September 5, 2024**, as to why his case should not be dismissed for failing to comply with the Court's Order (ECF No. 7). Failure to timely comply with this order may result in a recommendation that the case be dismissed.

2. Plaintiff submit his Complaint by **September 5, 2024**. Failure to timely comply with this order may result in a recommendation that the case be dismissed.

3. The Clerk of the Court is kindly directed to send to Plaintiff a copy of this Order, the approved form for filing a § 1983 complaint, and instructions for the same.

4. If Plaintiff files a complaint, the Clerk of Court is directed NOT to issue summons on the complaint. The Court will issue a screening order on the complaint and address the issuance of summons at that time, if applicable.

5. Plaintiff's *Ex Parte* Motion for Appointment of Counsel (ECF No. 5) is DENIED.

DATED this 8th day of August 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk

of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.