UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jose Abel Perez,<br><br>          Plaintiff(s),<br><br>vs.<br><br>City of North Las Vegas, et al.,<br><br>          Defendant(s). | 2:24-cv-00918-GMN-MDC<br><br>SCREENING ORDER RE: SECOND AMENDED COMPLAINT |

Pending before me is *pro se* plaintiff Jose Abel Perez's Second Amended Complaint (ECF No. 15). For the reasons stated below, plaintiff's Second Amended Complaint is DISMISSED WITH LEAVE TO AMEND.

**DISCUSSION**

**I. BACKGROUND**

On September 16, 2024, I dismissed plaintiff's Complaint (ECF No. 10) because plaintiff attempted to join unrelated claims and/or parties. *Id.* On October 9, 2024, plaintiff filed his First Amended Complaint at the same time as his *Motion to Merge All Three Complaints.* ECF Nos. 12, 13. I denied the Motion and gave plaintiff until November 29, 2024, to file a Second Amended Complaint. ECF No. 14. Plaintiff filed his Second Amended Complaint on November 25, 2024[1].

**II. SECOND AMENDED COMPLAINT**

   **A. Legal Standard**

"[W]hen a plaintiff files an amended complaint, '[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)). An amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1(a).

//

---

[1] The Second Amended Complaint is dated November 21, 2024.

**B. Analysis**

Plaintiff brings his claims under 42 U.S.C. § 1983. Section 1983 provides "a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 394 (1989) (internal citation omitted). The four elements that a plaintiff must allege to state a claim for relief under § 1983 are: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Some courts require a simpler pleading that provides that "(1) the defendants ac[ted]under color of state law [and] (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). Plaintiff has alleged constitutional violations by North Las Vegas Police Officers, and has therefore, met the required elements to bring a § 1983 claim.

I have reviewed plaintiff's Second Amended Complaint (ECF No. 15). Plaintiff names as defendants North Las Vegas police officers T. Barnes and D. Williams. ECF No. 15 at 2. Plaintiff alleges "excessive force, illegal search and seizure, and damage to property."[2] *Id.*

Plaintiff's Second Amended Complaint contains several defects. First, Plaintiff's claim for unlawful search and seizure is barred under *Heck* and/or *Younger.* Second, Plaintiff's claims for excessive force require plaintiff to clarify whether his underlying North Las Vegas criminal proceedings have concluded.

      **a. Unlawful Search And Seizure**

Plaintiff appears to raise a claim for unlawful search and seizure under the Fourth Amendment. *See* ECF No. 15 at 3 ("T. Barnes…took me out of the vehicle without me having a warrant or a warrant to search my vehicle or probable cause."). Plaintiff alleges that he was sitting in his parked vehicle when a police vehicle approached with its lights on. *Id*. Plaintiff states that the officer asked him if he knew

---

[2] Although plaintiff states that the nature of his case arises from "excessive force, illegal search and seizure, and damage to property," he only alleges one cause of action under "excessive force by officer."

why he was pulled over. *Id.* Plaintiff alleges that when he responded that he was already parked there, the officer told him he was under arrest. *Id.*

The Fourth Amendment protects "[t]he right of people to be secure in their persons, houses, papers, and effects, against unreasonable search and seizure." U.S. Const. Amend. IV. An arrest made without a warrant requires a showing of probable cause. *Gilker v. Baker*, 576 F.2d 245, 246 (9th Cir. 2001). An arrest made without probable cause or other justification provides the basis for a claim of unlawful arrest under § 1983 as a violation of the Fourth Amendment. *Dubner v. City of San Francisco*, 266 F.3d 959 (9th Cir. 2001). Police may conduct a warrantless search of a vehicle if there is probable cause to believe that it contains contraband or evidence of a crime. *United States v. Ewing*, 638 F.3d 1226, 1231 (9th Cir. 2011). "Probable cause exists when, under the totality of the circumstances, 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Luong*, 470 F.3d 898, 902 (9th Cir.2006) (quoting *Illinois v. Gates*, 462 U.S. 213, 238, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983)).

Plaintiff has raised a plausible claim under the Fourth Amendment for unlawful search and seizure, as plaintiff has stated the search and arrest was without a warrant and without probable cause. However, plaintiff's claim raises potential issues under *Heck* and/or *Younger*. It is unclear whether [1] plaintiff has been convicted and that the conviction has been invalidated; or [2] whether plaintiff's state criminal proceeding is still ongoing. Therefore, I analyze plaintiff's claims under both the *Heck* Doctrine and the *Younger* Abstention Doctrine.

      **i.** ***Heck*** **Doctrine**

To the extent that plaintiff's state criminal proceedings has concluded, his Fourth Amendment claim for unlawful search and seizure is barred by the *Heck* Doctrine. Plaintiff alleges that the police officers neither had a warrant[3] nor probable cause. However, if such a statement is true, granting relief

---

[3] It is unclear whether plaintiff means to allege the officers did not have an arrest warrant. However, based on plaintiff's statement, the Court will presume plaintiff meant that the officers neither had a search warrant nor an arrest warrant.

may imply the invalidity of his conviction. Therefore, a § 1983 suit is not the proper avenue to pursue his claims. If a § 1983 case seeking damages alleges constitutional violations that would necessarily imply the invalidity of a conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been invalidated on appeal, by habeas petition, or through similar proceeding. *See Heck v Humphrey*, 512 U.S. 477, 483-87 (1994). Under *Heck*, a party who is convicted of a crime is barred from bringing suit under a § 1983 if judgment in favor of that party would necessarily imply the invalidity of conviction or sentence. *See Whitaker v. Garcetti*, 486 F.3d 572, 582 (9th Cir. 2007) (citing *Heck*, 512 U.S. at 487). Claims or challenges to the validity or duration of confinement are matters of habeas corpus relief per 28 U.S.C. § 2254. *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (reiterating that "habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action"); *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (holding that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration"). It is unclear whether plaintiff has been formally convicted, and if so, whether that conviction has been invalidated.

I will give plaintiff another opportunity to amend his complaint so that he can state whether he has been convicted of the underlying offenses, or some other offense related to the incident giving rise to his claims. If plaintiff has been convicted, but that conviction was invalidated, then plaintiff must also make this clear in his [third] amended complaint. Otherwise, if plaintiff seeks to challenge the validity of his conviction based on "unlawful search and seizure grounds" then he must bring his claims under a *habeas* petition. *See Nettles* 830 F.3d at 927.

        **ii.** ***Younger* Abstention Doctrine**

To the extent that plaintiff's state criminal proceedings are ongoing, his claims Fourth Amendment claims for unlawful search and seizure are barred by the *Younger* Abstention Doctrine.

Principles of comity and federalism require federal courts to abstain from intervening in pending state criminal proceedings absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971); *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004) (federal courts generally abstain from granting any relief that would interfere with pending state judicial proceedings. *Younger* abstention is required if the following elements are met: (1) state proceedings are ongoing; (2) the state proceedings implicate important state interests; (3) the state proceedings provide the federal litigant an adequate opportunity to raise the federal claims; and (4) the federal proceedings would interfere with the state proceedings in a way that *Younger* disapproves. *San Jose Silicon Valley Chamber of Com. Pol. Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008). An exception to *Younger* abstention exists if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982); *see also Perez v. Ledesma*, 401 U.S. 82, 85, 91 S. Ct. 674, 27 L. Ed. 2d 701 (1971).

    It is unclear whether *Younger* applies because it appears that the plaintiff's state criminal case is still active. *See* ECF No. 15 at 3. If that is the case, the state criminal proceedings implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49, 107 S. Ct. 353, 93 L. Ed. 2d 216 (1986) ("[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."). Third, the state proceedings provide plaintiff an adequate opportunity to raise his constitutional claims, including trial and state appellate review. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987) (holding that federal courts should assume that state procedures will afford adequate opportunity for consideration of constitutional claims "in the absence of unambiguous authority to the contrary"). Fourth, plaintiff's claims threaten to interfere with the state criminal proceedings in a manner that *Younger* disapproves. *See Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 617 (9th Cir. 2003) (concluding that the fact that a state proceeding is ongoing would necessarily mean

interference by a federal court). Finally, plaintiff does not allege any exceptional circumstances and irreparable harm to warrant an exception to the abstention.

Given the lack of clarity, however, I am not going to dismiss plaintiff's claim under *Younger* at this time. Instead, I grant plaintiff leave to amend his complaint so he can state whether his underlying criminal case has concluded or remains pending.

### b. Excessive Force

#### i. *Heck* Does Not Bar Plaintiff's Claim

Plaintiff's claim for "excessive force" does not appear to be barred by *Heck*. Where the § 1983 action would not necessarily imply the invalidity of the conviction or sentence, it may proceed. *See Heck*, 512 U.S. at 482–83; *see also Reese v. Cnty of Sacramento*, 888 F.3d 1030, 1045–46 (9th Cir. 2018) (concluding § 1983 claim alleging excessive force did not necessarily imply the invalidity of the conviction). However, this does not mean all excessive forms claims are allowed to proceed under § 1983. *Compare Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (per curiam) (holding that *Heck* did not bar plaintiff's excessive force claim because even though plaintiff had been convicted of assaulting his arresting officers, the officers' alleged excessive force took place after he had been arrested, and thus did not necessarily invalidate his conviction), *with Cunningham v. Gates*, 312 F.3d1148, 1154–55 (9th Cir. 2002) (holding that *Heck* barred plaintiff's excessive force claim because the jury, in convicting plaintiff of felony-murder, necessarily found that he had intentionally provoked the deadly police response, and therefore a finding of excessive force on the part of the police would have invalidated his conviction). Here, plaintiff's challenge to his conviction and confinement does not arise from the alleged excessive force, but rather the "illegal search and seizure." ECF No. 15 at 3. Claims of excessive force during an arrest or other seizure of a free citizen are evaluated under the Fourth Amendment and apply an "objective reasonableness" standard. *Alcaraz-Gonzalez v. Benvin*, 2023 U.S. Dist. LEXIS 63122, at 6 (D. Nev. April 11, 20230) (citing *Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989)); *see also Smith v. City of Hemet*, 394 F.3d 689, 700 (9th Cir.

2005) (*en banc*). "The Fourth Amendment requires police officers making an arrest to use only an amount of force that is objectively reasonable in light of the circumstances." *Blankenhorn v. City of Orange*, 485 F.3d 463, 477 (9th Cir. 2007). This analysis "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (internal quotation marks and citation omitted). Thus, in order state a claim for excessive force under the Fourth Amendment, plaintiff must show that the officer's actions were unreasonable under the circumstances. However, plaintiff's claim for excessive force may still be barred under the *Younger* Abstention Doctrine.

### ii. *Younger* May Apply To Bar Plaintiff's Excessive Force Claim

While plaintiff's claim does not seem to be barred under the *Heck* Doctrine, it may be barred under *Younger*. As previously stated, the *Younger* Abstention Doctrine requires federal courts to abstain from granting any relief that would interfere with pending state judicial proceedings. *See Gilbertson*, 381 F.3d at 984 ("To rule on the constitutional issue in these circumstances would implicate the state's interest in administration of its judicial system, risk offense because it unfavorably reflects on the state courts' ability to enforce constitutional principles, and put the federal court in the position of making a premature ruling on a matter of constitutional law."). Therefore, I grant plaintiff leave to amend his complaint to state whether his underlying criminal case has concluded or remains active.

### iii. Plaintiff's Claim Does Not Comply With Rule 8

Even if plaintiff can show that [1] his state criminal proceeding has concluded or [2] an exception to abstention applies, Rule 8 would require dismissal of this claim. The Supreme Court in *Erickson* requires "[a] document filed *pro se*…be liberally construed" and a pro se complaint, however inartfully pleaded held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. However, "[c]ourts are not required to conjure allegations on behalf of pro se filers." *Coney v. Lozo*, 2024 U.S. Dist. LEXIS 89865, at *5 (D. Nev. May 20, 2024) (internal citations omitted). In other words, "[t]he courts cannot assume the role of advocates and create arguments never made."

*Donahue v. United States*, 660 F.3d 523, 524 (1st Cir. 2011); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364-66 (9th Cir. 1986)); *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993) ("[A] federal court is not required to construct legal arguments for a pro se petitioner.").

Plaintiff has not pled sufficient facts to show that he is entitled to relief. A properly pled complaint must provide "a short and plaint statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). This "notice pleading" standard requires plaintiff to "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. "Violations of this Rule warrant dismissal, but there are multiple ways that it can be violated. One well-known type of violation is when a pleading says too little…. The Rule is also violated, though, when a pleading says too much." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal citations omitted); *McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996) ("Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges.").

Here, plaintiff does not provide enough facts to support his claim that the officers acted with excessive force. Specifically, he does not state which of the officers' actions constituted excessive force and why. Nor does plaintiff explain why such action(s) would be unreasonable under the circumstances. Therefore, Rule 8 requires dismissal of this claim. However, I will give plaintiff an opportunity to amend. Should plaintiff choose to amend, he must make clear which of the officers' actions establish a basis for his excessive force claim, and why.

c. **Damage To Property**

Plaintiff also alleges a claim for "damage to property." It appears that plaintiff is bringing a claim for damage to his vehicle that occurred during his arrest. *See* ECF No. 15 ("T. Barnes managed to break my window…"). Plaintiff has stated a cognizable claim under the Fourth Amendment. "The destruction of property is 'meaningful interference' constituting a seizure under the Fourth Amendment, because the destruction of property by state officials poses as much of a threat, if not more, to people's

right to be 'secure . . . in their effects' as does the physical taking of them." *Fuller v. Vines*, 36 F.3d 65, 68 (9th Cir. 1994), *overruled on other grounds, Robinson v. Solano Cnty.*, 278 F.3d 1007, 1013 (9th Cir. 2002). Furthermore, plaintiff's claim is not necessarily barred by *Heck. See e.g., Allen v. United States*, 964 F.Supp.2d 1239, 1256-57 (D. Nev. 2013) (holding that plaintiff's destruction of property claim would not imply the invalidity of his conviction nor would it indicate that the evidence seized should be suppressed). However, plaintiff's properly damage claim may also be inappropriate under *Younger,* as discussed above with respect to plaintiff's other claims. Again, I give plaintiff leave to amend his complaint to clarify whether his underlying criminal proceedings have concluded or remain active.

Even if plaintiff's destruction of property claim is not barred under *Heck* or *Younger*, Rule 8 requires dismissal of the claim. When analyzing a destruction of property claims, courts must "look to the totality of the circumstances to determine whether the destruction of property was necessary to effectuate the performance of law enforcement officer's duties." *San Jose Charter of Hells Angels Motorcycle Club v. City of San Jose,* 402 F.3d 962, 975 (9th Cir.2005). Here, plaintiff states "damage to property" in Part C of his Complaint (*see* ECF No. 15 at 2); however, he does not explicitly list it as a cause of action. Furthermore, plaintiff only states that Officer T. Branes broke his vehicle's window and took him out of the vehicle. Here, it is unclear whether plaintiff has shown that the officer's actions are unreasonable or unnecessary. Therefore, I will give plaintiff a chance to amend his complaint to further elaborate on this claim.

### III. CONCLUSION

It is unclear [1] whether plaintiff's state proceeding is still ongoing and [2] plaintiff has been formally convicted of the underlying offense, or any other offense arising from the alleged incident. Thus, it is unclear whether *Heck* or *Younger* applies to plaintiff's claims. I will give him an opportunity to amend, so that he can make clear the status of his state proceeding and the resulting outcome. Should plaintiff choose to amend, he should also ensure his claims comply with Rule 8 of the Federal Rules of Civil Procedure.

ACCORDINGLY,

**IT IS ORDERED that:**

1. Plaintiff's Second Amended Complaint (ECF No. 15) is dismissed in its entirety but with leave to amend.

2. Plaintiff must file his Third Amended Complaint by no later than **March 6, 2025**. Failure to timely comply with this Order may result in a recommendation that this case be dismissed.

3. The Clerk of the Court is kindly directed to send Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, a copy of his second amended complaint (ECF No. 15), and a copy of this Order. If Plaintiff chooses to file an amended complaint, he must use the approved form and write the words "Third Amended" above the words "Civil Rights Complaint" in the caption.

4. If Plaintiff files an amended complaint, the Clerk of Court is directed NOT to issue summons on the amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.

DATED this 4th day of February 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal

may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.